IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA      :
                              :
     v.                       :      Case No. 1:25-cr-287-1
                              :
FELIX WEI-LIAN SUNG           :

## WAIVER OF RIGHT TO HEARING
## AND AMENDMENT OF RULE 11 COLLOQUY

The Defendant, FELIX WEI-LIAN SUNG, with counsel, appeared before this court on November 3rd, 2025, to enter a guilty plea in the above-captioned case. During the Rule 11 colloquy with the Defendant, this court informed the Defendant of the three-step sentencing procedure. See Fed. R. Crim. P. 11(b)(1)(M); U.S.S.G. § 1B1.1. As part of that procedure, this court advised the Defendant that to determine a sentence, this court would consider the advisory guideline range, any applicable departures to that range, and the factors listed in 18 U.S.C. § 3553(a).

Sentencing will occur after November 1, 2025. The November 1, 2025, edition of the sentencing guidelines deletes "most departure[]" provisions "previously provided throughout the Guidelines Manual." U.S.S.G. app. C, amend. 836 (Nov. 1, 2025). "[T]he Guidelines Manual now provides a two-step process whereby the sentencing court must first correctly calculate the applicable guideline range . . . and then must determine an appropriate

sentence upon consideration of all the factors set forth by Congress in 18 U.S.C. § 3553(a)." Id. These amendments were made "to acknowledge the growing shift away from the use of departures" with courts "relying to a greater extent on variances." Id.

Because the Defendant was informed by this court that it would consider applicable departures and many departures have been removed from the Guidelines, this court finds it appropriate to return the Defendant to court to modify the Rule 11 colloquy to confirm that Defendant understands not only that departures are speculative, but also that many departures have been eliminated from the Guidelines. The Defendant may elect to return to court for an amended Rule 11 colloquy to be informed that departures were removed from the applicable sentencing guidelines, or to withdraw his or her guilty plea and proceed to trial. However, the court also finds, because of the limited applicability of departures, that Defendant may waive this return to court by executing a signed waiver.

I, FELIX WEI-LIAN SUNG, after consulting with counsel as to the matters described herein, waive my right to return to court for an amended Rule 11 colloquy or to withdraw my guilty plea and proceed to trial. I agree that any inconsistency between the court's advice during the Rule 11 hearing and the 2025 Guidelines Manual is harmless. I understood at the time of my Rule 11 colloquy

that departures likely will not apply in my case in any event, and further that any sentence above or below the applicable sentencing guideline range imposed by the court most likely will be by way of a variance in a manner consistent with the 2025 Guidelines Manual and in accordance with consideration of the factors listed in 18 U.S.C. § 3553(a).

_____     _____
Signature of Defendant              Signature of Counsel


Dated: _____     Dated: _____

- 3 -

Case 1:25-cr-00287-WO    Document 15-1    Filed 11/18/25    Page 3 of 3

that departures likely will not apply in my case in any event, and further that any sentence above or below the applicable sentencing guideline range imposed by the court most likely will be by way of a variance in a manner consistent with the 2025 Guidelines Manual and in accordance with consideration of the factors listed in 18 U.S.C. § 3553(a).

_____     _____
Signature of Defendant              Signature of Counsel


Dated: _____     Dated: _____